**HARDIN'S BAKERIES, INC., Plaintiff,**

v.

**J. G. MARTIN, Jr., District Director of Internal Revenue, Defendant.**

**HARDIN'S BAKERIES CORPORATION, Plaintiff,**

v.

**J. G. MARTIN, Jr., District Director of Internal Revenue, Defendant.**

**Civ. A. Nos. 3697, 3698.**

United States District Court
S. D. Mississippi,
Jackson Division.

Jan. 10, 1967.

Ward & Mestayer, Meridian, Miss., for plaintiff.

Robert Hauberg, U. S. Atty., Jackson, Miss., for defendant.

WILLIAM HAROLD COX, Chief Judge.

These consolidated suits of these allied corporations seek a recovery of accumulated earnings taxes assessed against and paid by these corporations in the amount of $27\frac{1}{2}\%$ of the taxable income of these corporations for 1961, 1962 and 1963. Phil Hardin is the sole stockholder of these corporations which are engaged in the bakery business in fifty-one counties of Mississippi from plants at Meridian, Jackson, Columbus and Tupelo, Mississippi. These plants are operated under contract by another corporation known as Hardin's Bakeries Management Corporation, which is likewise owned and controlled by the same sole stockholder. This stockholder is an extremely conservative and very modest business man who paid himself a salary of only twenty-five

thousand dollars a year for his expert supervision and direction of these corporations for these years. The management corporation is not involved in this suit as a party thereto but its function and position in this corporate structure is important to a proper determination of the ultimate questions presented.

■ The plaintiffs for the subject years had taxable income and paid income taxes on such income to the United States, viz:

### HARDIN'S BAKERY, INC.

| For Year Ending | Taxable Income | Income Taxes Paid |
| --- | --- | --- |
| 7/31/61 | $85,813.00 | $38,713.00 |
| 7/31/62 | 45,001.00 | 17,423.00 |
| 7/31/63 | 86,595.00 | 39,125.00 |

### HARDIN'S BAKERY CORPORATION

| For Year Ending | Taxable Income | Income Taxes Paid |
| --- | --- | --- |
| 7/31/61 | $30,142.00 | $ 9,670.00 |
| 7/31/62 | 82,098.00 | 36,903.00 |
| 7/31/63 | 74,083.00 | 32,722.00 |

———◆———

There is actually very little, if any, actual dispute of any material fact in this case, but the controversy pivots around a proper application of § 531, § 532 and § 533 of Title 26, United States Code, 1964 ed., and Treasury Regulation on such income tax appearing as § 1.537–1 of the Treasury Regulations, appearing in 26 CFR. Neither of these corporations was formed for the purpose of avoiding income tax with respect to its sole stockholder. The remaining question is as to whether or not these corporations were availed of for the purpose of avoiding such tax. These corporations enjoyed substantial profits from their operations from 1950 through 1965. Prior to and throughout the years in suit, these corporations retained large profits which increased each year. The balance sheets of the taxpayers show Hardin's Bakeries, Inc. had liquid assets in excess of four hundred thousand dollars and that Hardin's Bakeries Corporation had liquid assets in excess of three hundred thousand dollars. These corporations were well and carefully managed and operated by conservative management which stemmed from its sole stockholder as its titular head. The tax-

payers thus were confronted with the necessity for proving by the greater weight of the more convincing evidence that these accumulated profits had not been allowed to accumulate beyond the reasonable business needs of the corporation for the purpose of avoiding income taxes to Hardin as its sole stockholder. These corporations are not shown to have resorted to any kind of scheme or device to conceal or discolor any fact with respect to their taxable income.

■ No plan for the specific use of such retained earnings was prepared or approved by the directors of these corporations. The earnings were simply retained and Hardin did not even advise his certified accountant of the specific intent for the use thereof, but those circumstances while material are not controlling. These corporations in good faith considered themselves in need of large amounts of working capital which they did not have. They had outstanding purchase commitments of products in large amounts for each of these years. They carried their own collision insurance on their equipment. The baking in-

dustry is highly competitive. An operation of this size is fraught with many perplexing and difficult problems which require foresight and planning for the future for their fiscal requirements. The taxpayers considered their equipment was outdated and needed updating at large costs. The taxpayers honestly thought that they needed for three months operating expenditures a million dollars for these two corporations for each of the years in suit. The business judgment of these experienced people as to their business requirements for the proper and safe and sound conduct of such businesses is entitled to great weight. The defendant offered no proof in this case but relied upon evidence and testimony elicited on cross examination. It must be borne in mind that the subject tax is of the nature and character of a penalty and must be cautiously applied and enforced accordingly. These taxpayers have paid large sums of money as ordinary income taxes on their taxable income for these three years and should not be mulcted in penalties, unless the taxpayers failed to make the requisite proof by a preponderance of the evidence to exculpate themselves from statutory liability for such penalty tax. It would have been helpful if some tangible plan had been prepared and approved for retaining such funds for some announced specific use, but that is not indispensable to a justification of the taxpayers' position here. The taxpayers in this case have now been called upon to justify the retainage of such accumulated earnings as at the time of such retainage thereof, and their explanation does not appear to this Court as an afterthought, but comes as a forthright and convincing explanation of cold facts. It is the further finding of the Court under the facts and circumstances stated that these corporations have not been availed of in 1961, 1962 and 1963 for the purpose of avoiding the payment by Hardin of income taxes on such funds as dividends. These prospective expenditures were not mere possibilities but were probabilities in future planning for the continued existence and expansion of these corporations, and the accumulated earnings of these corporations for these three years were not even adequate to meet said needs and requirements.

■ The taxpayers did not and were not obliged to declare dividends during said tax years and did not become liable to the United States of America for such accumulated earnings taxes for not doing so. The plaintiff in Case Number 3697 is entitled to recover the principal sum of thirty-nine thousand thirteen dollars fifty-one cents plus legal interest thereon. The plaintiff in Case Number 3698 is entitled to recover the principal sum of thirty-two thousand nine hundred eighty-one dollars fifty-one cents plus legal interest thereon.

This Court has full jurisdiction of the parties and subject matter of this suit under 28 United States Code, 1958 ed., § 1340 and § 1346. The plaintiffs are entitled to judgments for the amounts indicated. Separate judgments accordingly may be presented. Either party may present within the five days any additional findings and conclusions desired for consideration and adoption.