**KENTUCKY DEPARTMENT OF REVENUE, Appellant,**

v.

**W. M. CISSELL MANUFACTURING COMPANY, etc., Appellee.**

Court of Appeals of Kentucky.

May 18, 1973.

William S. Riley, Asst. Atty. Gen., Dept. of Revenue, Alex W. Rose, Dept. of Revenue, Frankfort, for appellant.

Jerold A. Fink, Taft, Stettinius & Hollister, Cincinnati, Ohio, Ben B. Fowler, Dailey & Fowler, Frankfort, for appellee.

CATINNA, Commissioner.

This is an appeal from a judgment of the Franklin Circuit Court reversing an order of the Kentucky Board of Tax Appeals, affirming an order of the Kentucky Department of Revenue disallowing the federal accumulated earnings tax as a deduction for Kentucky income tax purposes.

On July 15, 1965, Cissell, a Kentucky corporation, filed its Kentucky corporation income tax return for its fiscal year ending January 31, 1965, showing Kentucky net income of $833,138.46. Taxable net income was reported as $14,812.60, after the deduction of $818,325.86 paid as federal taxes. The return indicated a Kentucky corporate income tax liability of $740.63 and an overpayment of Kentucky corporation income tax in the amount of $37,469.-40, for which amount it demanded a refund. By subsequent audits the amount claimed by Cissell was reduced to $27,057.-45.

There was included in the federal tax deduction the payment of $457,734.69 in ac-

cumulated earnings tax imposed by Section 531 of the Internal Revenue Code of 1954. The Kentucky Department of Revenue disallowed the use of the accumulated earnings tax as a deductible federal tax for the purpose of determining the net taxable income subject to the Kentucky corporate income tax.

Cissell insists that the accumulated earnings tax is a true federal income tax and is therefore deductible for the purpose of determining taxable net income under the Kentucky law, while the Department of Revenue insists that it is not an income tax as contemplated by our statute and therefore not deductible.

The only question presented by this appeal is whether the federal accumulated earnings tax is a federal income tax, deductible by corporations for Kentucky income tax purposes.

Pertinent portions of the Kentucky statute in effect at the time in question read as follows:

KRS 141.010(8):

"'Federal income tax' means income tax paid or accrued to the United States Government on income subject to assessment and taxation under the provisions of this chapter;"

KRS 141.010(11):

"'Taxable net income,' in the case of corporations, means 'net income' derived from business done, property located, activities or sources in this state less 'Federal income tax';"

Section 531 of the Internal Revenue Code of 1954 is found under Subchapter G of said code entitled "Corporations Used to Avoid Income Tax on Shareholders," Part 1 of Subchapter G being entitled "Corporations Improperly Accumulating Surplus."

Section 531 reads as follows:

"Imposition of accumulated earnings tax. In addition to other taxes imposed by this chapter, there is hereby imposed for each taxable year on the accumulated taxable income (as defined in section 535) of every corporation described in section 532, an accumulated earnings tax equal to the sum of—. . ."

Section 532 provides as follows:

"Corporations subject to accumulated earnings tax. (a) General rule. The accumulated earnings tax imposed by section 531 shall apply to every corporation (other than those described in subsection (b)) formed or availed of for the purpose of avoiding the income tax with respect to its shareholders or the shareholders of any other corporation, by permitting earnings and profits to accumulate instead of being divided or distributed."

The Kentucky Department of Revenue has upon previous occasions ruled that the accumulated earnings tax is not a "federal income tax" as contemplated by our statutes but, on the contrary, is a tax imposed as a penalty. The very format of the code is in itself persuasive of the truth of the Department's interpretation in that the entire subchapter is concerned with corporations that are used to avoid income tax on their shareholders. The very name "accumulated earnings tax" is indicative of an intentional imposition of the tax for purposes other than a levy upon the ordinary taxable income of a corporation.

At the time the Internal Revenue Code of 1954 was being considered by the Congress, we find, this particular tax was identified as a penalty tax. In United States v. Donruss Company, 393 U.S. 297, 89 S.Ct. 501, 21 L.Ed.2d 495 (1968), the Supreme Court, in discussing the accumulated earnings tax, said:

". . . As the House Ways and Means Committee said, 'Your committee believes it is necessary to retain the penalty tax on unreasonable accumulations as a safeguard against tax avoidance. However, several amendments have been adopted to minimize the threat to corpo-

rations accumulating funds for legitimate business purposes . . . .' H.R. Rep.No.1337, 83d Cong.2d Sess., 52 (1954)."

Thus, we see that Congress in the preparation and adoption of the code then considered the accumulated earnings tax to be a penalty tax designed primarily to penalize corporations guilty of an unreasonable accumulation of profits, resulting in a tax avoidance insofar as the stockholders were concerned.

In a suit to recover accumulated earnings tax assessed under 26 U.S.C.A. 631–633, the U. S. District Court for the Southern District of Mississippi, in its discussion of the tax, said:

" . . . It must be borne in mind that the subject tax is of the nature and character of a penalty and must be cautiously applied and enforced accordingly."

Hardin's Bakeries, Inc. v. Martin, 293 F.Supp. 1129 (1967).

The United States Court of Appeals, 6th Cir., in a discussion of the levy and collection of the accumulated earnings tax, remarked:

"Another factor relevant in the present case is the fact that Shaw-Walker relies solely upon internally generated funds to supply its working capital needs and does not borrow from banks. The fact that a taxpayer has financed its growth from retained earnings rather than from the sale of additional stock or commercial borrowing 'should not place it in a position of being subjected to a penalty tax under Section 531.'" Shaw-Walker Company v. C. I. R., 390 F.2d 205 (1968).

When we delve into the nature and objectives of the accumulated earnings tax, it becomes apparent that it cannot be a "federal income tax" within the definition made by the Kentucky statutes.

We note first that the tax imposed by Section 531 is not imposed upon the net income of a corporation nor is there involved in any way the so-called taxable income of the corporation, as such, but the accumulated earnings tax is only on a part of the taxable income designated as "accumulated taxable income." Therefore, it is apparent that the tax as levied has a specified purpose and is extremely limited in its application.

The history of the accumulated earnings tax reflects a congressional purpose to minimize revenue loss caused by nondistribution of gains and profits by corporations attempting to shield their shareholders from the individual income tax. Therefore, the tax is obviously a sanction to induce distribution of earnings and profits to shareholders so as to increase the latters' income tax.

The taxpayer can properly file its corporate return without paying any attention to the accumulated earnings tax. In so doing, it will not make any erroneous or false statement, nor will it leave its return with any omission or gap. The taxpayer then can pay all the sums shown due on this accurate and complete return and still be held liable later for an amount of tax under Section 531 as subsequently determined by the Internal Revenue Service. The reason is, of course, that an administrative decision is the normal precondition, and without an administrative determination a taxpayer is neither liable for nor can it even pay this tax.

In discussing the accumulated earnings tax, its history, and nature, the U. S. Court of Claims in Motor Fuel Carriers, Inc. v. United States, 420 F.2d 702, 190 Ct.Cl. 385 (1970), remarked:

"Even though the statute has not, since 1924, explicitly required the Commissioner of Internal Revenue to make a determination that the accumulation is unreasonable, and therefore that the tax is imposable, the actual practice is, and

has been, that the tax is not 'self-assessing' but is levied only after and by determination of the Revenue Service. There is no provision in, or part of, Treasury Form 1120 (the return form) for reporting the amount subject to this tax; nor are there any schedules or instructions for reporting the item. It is left wholly to the Government's initiative. See Mertens, Law of Federal Income Taxation, Vol. 7, § 39.57 (Rev. ed. 1967).

"This procedure has not come about by happenstance, the Treasury's neglect, or the irresponsibility of corporate taxpayers. It is inherent in the nature of the tax—and was formerly recognized specifically by Congress—that a taxpayer can hardly determine for itself, with any accuracy, if the tax is due, and if so to what extent. The general standard of liability (§ 532) is the elusive one that the corporation has been, during the taxable year, 'formed or availed of for the purpose of avoiding the income tax with respect to its shareholders or the shareholders of any other corporation, by permitting earnings and profits to accumulate instead of being divided or distributed.' The difficulty of applying this criterion is increased by the further declarations that 'the fact that the earnings and profits of a corporation are permitted to accumulate beyond the reasonable needs of the business shall be determinative of the purpose to avoid the income tax with respect to shareholders' (§ 533), and (with respect to non-holding or non-investment company taxpayers) that account is to be taken of that part of earnings and profits 'retained for the reasonable needs of the business,' including 'the reasonably anticipated needs of the business' (§§ 535(c), 537. These are complex and difficult evaluations, invoking very large elements of judgment and discretion, and with great room for difference of opinion."

In view of the matters as herein discussed, it is the opinion of this court that the accumulated earnings tax, as levied by Section 531 of the Internal Revenue Code of 1954, is not a federal income tax as contemplated by the Kentucky Revised Statutes, but rather is a penalty tax and, as such, may not be deducted for the purpose of determining a corporation's taxable net income on which the Commonwealth of Kentucky levies the corporate income tax.

The judgment of the Franklin Circuit Court is hereby reversed, and it is ordered that a new judgment be entered affirming Order No. K–2001 of the Kentucky Board of Tax Appeals, and the final order of the Kentucky Department of Revenue disallowing the federal accumulated earnings tax as a deduction for Kentucky income tax purposes.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD, and STEPHENSON, JJ., sitting.

All concur.